**SO ORDERED.**

**SIGNED this 27th day of July, 2012.**




Robert E. Nugent
United States Chief Bankruptcy Judge

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK ALLAN GOOD, | ) | Case No. 10-13160 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| J. MICHAEL MORRIS, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary No. 12-5052 |
| | ) | |
| PERSELS & ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| IN RE: | ) | |
| | ) | |
| ERIC E. KAUFFMAN and, | ) | Case No. 10-11038 |
| MELODY A. KAUFFMAN, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| J. MICHAEL MORRIS, Trustee | ) | |

-1-

|                                    | ) |                        |
|------------------------------------|---|------------------------|
| Plaintiff,                         | ) |                        |
| vs.                                | ) | **Adversary No. 12-5053** |
|                                    | ) |                        |
| **PERSELS & ASSOCIATES, LLC,**     | ) |                        |
|                                    | ) |                        |
| Defendant.                         | ) |                        |
| IN RE:                             | ) |                        |
|                                    | ) |                        |
| **KENNY A. PEDIGO,**               | ) | Case No. 11-12916      |
| **KARIN D. PEDIGO,**               | ) | Chapter 7              |
|                                    | ) |                        |
| Debtors.                           | ) |                        |
| **J. MICHAEL MORRIS, Trustee**     | ) |                        |
|                                    | ) |                        |
| Plaintiff,                         | ) |                        |
| vs.                                | ) | **Adversary No. 12-5055** |
|                                    | ) |                        |
| **CONSUMER LAW ASSOCIATES, LLC,**  | ) |                        |
|                                    | ) |                        |
| Defendant.                         | ) |                        |

## ORDER RECOMMENDING WITHDRAWAL OF THE REFERENCE

The defendants Persels & Associates and Consumer Law Associates ("Defendants") move for withdrawal of the reference of these adversary proceedings by the District Court. Section 157(d) of title 28 provides that the district court may, in appropriate circumstances, withdraw its reference of any bankruptcy case or controversy from the bankruptcy court for cause shown.[1] Here, the defendants argue that the bankruptcy court's want of jurisdiction to try these claims to judgment before a jury or to enter final orders on the plaintiff's claims without the defendants' consent supplies cause to withdraw the reference. The defendants are not creditors in these cases and they have demanded trial by jury on all eligible claims. They declined to consent either to a jury trial in

---

[1] *See also* D. Kan. Rule 83.8.6(a)(6).

this court or to receiving final judgment here. Because non-bankruptcy law jury trial claims predominate these proceedings, and because administering the pretrial proceedings in the district court may reduce the chance of duplication of effort for all concerned, I conclude that the defendants' motions should be granted and that these proceedings should be immediately transferred to the district court for all purposes.[2]

*Factual and Procedural Background*

Plaintiff J. Michael Morris filed these adversaries in his capacity as trustee of these chapter 7 bankruptcy estates. The facts alleged in each complaint are very similar and can be summarized as follows. Defendants Persels and CLA offer and provide debt management and debt settlement services to financially challenged consumers. They offer these services through internet advertising and their services come at a substantial fee. In the *Good* case, the defendant prepared a debt settlement plan that called for Mr. Good to make 60 monthly payments of $405.61 or $24,336 on his debts. The debtor paid in over $9,000, but still filed bankruptcy. Of that amount, Persels collected $5,433 in front-loaded fees. In *Kauffman*, the debtors embarked on a 60 month plan to pay $2,464 a month and $11,147 in fees to Persels. After they paid $24,745, they filed their chapter 7 case. In the *Pedigo* case, CLA prepared a debt settlement plan that called for the debtors to make 60 monthly payments of $300, the initial $5,980 of which would go to CLA in front-loaded fees. After the Pedigos paid in $4,019.18, they filed their chapter 7 case. In each of these cases, the debtors filed bankruptcy with substantially more unsecured debt than their debt settlement plans provided for.

---

[2] *See* D. Kan. Rule 83.8.6(f) (bankruptcy judge to make written recommendation on motion to withdraw reference).

-3-

In the trustee's complaints, he alleges that the debtors received nothing of benefit for the fees they paid and he seeks to recover their payments from Persels and CLA as fraudulent transfers under the Bankruptcy Code, 11 U.S.C. § 548. He also claims that Persels and CLA violated the Kansas Credit Service Organizations Act (KCSOA), KAN. STAT. ANN. § 50-1116 *et seq* (2005), by failing to register with the Kansas bank commissioner as § 50-1118(a) requires. A violation of the KCSOA is a deceptive act or practice under the Kansas Consumer Protection Act (KCPA), KAN. STAT. ANN. § 50-626.[3] Finally, he claims that the defendants committed unconscionable acts that are proscribed by § 50-627 of the KCPA. The defendants responded with these timely-filed motions to withdraw the reference, all filed on April 5, 2012. The defendants have answered, have demanded a trial by jury in each proceeding, and have withheld their consent to a jury trial by the bankruptcy court.

At this Court's direction, the parties submitted a Report of Parties Planning Meeting in each of the three cases and I have adopted their proposed schedule in the event the district court determines that reference should remain here during the pretrial proceedings. Discovery has commenced and is currently scheduled to conclude on October 19, 2012. Dispositive motions are due in January of 2013 and, in each case, the parties anticipate a 3 day trial.

*Analysis*

28 U.S.C. §157(d) governs both permissive and mandatory withdrawal of the reference to bankruptcy court and provides:

> The district court *may* withdraw, *in whole or in part*, any case or proceeding referred under this section, on its own motion *or on timely motion* of any party, *for cause shown*. The district court *shall,* on timely motion of a party, so *withdraw a proceeding* if the court

---

[3] *See* KAN. STAT. ANN. § 50-1132. This relief is in addition to any that is available under the KCPA.

> determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. [Emphasis added.].

The defendants seek permissive withdrawal for cause.[4] The statute further addresses instances where the right to a jury trial is implicated in the referred proceedings:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court *and with the express consent of all the parties.*[5]

As noted, the defendants have demanded jury trials and withheld their consent to the bankruptcy court conducting the trial. The case law recognizes that a right to a jury trial may constitute cause for withdrawal of the reference.[6] Though the Tenth Circuit once held that bankruptcy courts has no authority to conduct a jury trial, Congress amended 28 U.S.C. § 157 in 1994 to add subsection (e) which expressly authorizes a bankruptcy judge to hear a proceeding where the right to a jury trial exists if the district court so designates and the parties expressly consent.[7]

In considering whether to recommend that the reference be withdrawn, we first consider

---

[4] The statute does not define what constitutes "cause" for permissive withdrawal of the reference. *See also,* D. Kan. Rule 83.8.6(a)(6).

[5] 28 U.S.C. §157(e) (Emphasis supplied.).

[6] *See e.g., In re American Comm. Servs., Inc.,* 86 B.R. 681, 686 (D. Utah 1988); *In re Hassan,* 376 B.R. 1 (Bankr. D. Kan. 2007); *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Co.),* 4 F.3d 1095, 1101 (4th Cir. 1993).

[7] *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.),* 911 F.2d 380 (10th Cir. 1990). *See* The Bankruptcy Reform of Act of 1994, Pub. L. No. 103-394, § 112, 108 Stat. 4106 (Oct. 22, 1994).

-5-

whether the Trustee's claims are "core" or "non-core" and then determine which of those claims carry a right to trial by a jury. These defendants also question the bankruptcy court's ability to enter a final judgment on matters of "private right," arguing that *Stern v. Marshall* has likely rendered sections 157(b)(2)(H) and (O) unconstitutional.[8] Thus, whether a matter is a core proceeding or not, a court should also consider whether it can enter final judgment or if it is limited to making proposed findings and conclusions for the District Court's review under Fed. R. Bankr. P. 9033.[9]

Core proceedings are those that have no existence outside of bankruptcy.[10] 28 U.S.C. § 157(b)(1) provides that bankruptcy judges may hear all core proceedings arising under title 11 or arising in a title 11 case. Fraudulent transfer claims are core proceedings under § 157(b)(2)(H).[11] KCSOA and KCPA claims are creatures of Kansas law, but could arguably be painted as "other proceedings" that "affect the liquidation of the estate," but are not personal injury tort or wrongful death claims, as provided by § 157(B)(2)(O).[12] Even if the claims are not core proceedings, the bankruptcy court could also exercise § 1334(b) "related to" jurisdiction over them.[13] "Related proceedings" are civil proceedings that, in the absence of a bankruptcy filing, could have been

---

[8] *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594 (2011) (Finding 28 U.S.C. § 157(b)(2)(C) an improper delegation of the Article III power to enter judgment, thus rendering it unconstitutional).

[9] *See* 28 U.S.C. § 157(c) and (e).

[10] *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990).

[11] 28 U.S.C. § 157(b)(2)(H).

[12] 28 U.S.C. § 175(b)(2)(O).

[13] 28 U.S.C. § 1334(b).

brought in federal or state court.[14] Proceedings are "related-to" the case when their outcome could conceivably have any effect on the estate being administered in bankruptcy.[15]

All three of the trustee's claims are jury trial eligible. The fraudulent transfer claims, brought under 11 U.S.C. § 548, are core proceedings. But, because neither defendant has filed a proof of claim in these cases, both may claim the right to a jury trial.[16] Neither has consented to that jury trial being conducted here, depriving me of the power to conduct that trial according to 28 U.S.C. § 157(e). Therefore I need not consider whether a bankruptcy judge can enter a final judgment on the fraudulent transfer claims. If they are to be tried to juries, they must be tried in the district court.

Likewise, the trustee's KCSOA/deceptive practice claims are clearly matters for jury trial and, as with the fraudulent transfer claims, must be tried to the district court whether they are "other proceedings" under the catch-all provision of 28 U.S.C. § 157(b)(2)(O) or not.[17] Even the trustee's unconscionability claims are only "related to" claims at best. There is a right to a jury trial under the Seventh Amendment when legal claims for the recovery of money are asserted. In claims such as these with legal and equitable portions rising from the same circumstances, "when an issue is common to both legal and equitable claims in the same proceeding, it must be tried first to the

---

[14] *Gardner, supra* at 1518.

[15] *Id.* But, *Stern v. Marshall* casts considerable doubt on this conclusion.

[16] *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 36, 109 S.Ct. 2782, 106 L.Ed. 2d 26 (1989) (an action for return of a "determinate sum of money"). *See also, In re Huey,* 23 B.R. 804 (9th Cir. BAP 1982) (Defendant entitled to a jury trial where trustee seeks to avoid a fraudulent transfer of money under § 548).

[17] *See In re Glannon,* 245 B.R. 882, 887 n. 3 (D. Kan. 2000) (discussing claims seeking damages against attorneys in bankruptcy court as core proceedings); *In re McCabe,* 302 B.R. 873 (Bankr. N.D. Iowa 2003) (proceedings concerning property of the estate are core proceedings if they affect the liquidation of assets of the estate).

-7-

jury."[18] In the absence of § 157(e) consent, those jury trials must be conducted by the district court.

Having concluded that these matters are all jury trial eligible and that the defendants have withheld their consent to my hearing them, I need not reach the defendants' *Stern* arguments. The Tenth Circuit has yet to opine on whether that decision's force is limited to its rather arcane factual and procedural setting or whether *Stern*'s broader implications will disturb, if not destroy the long-accepted division of bankruptcy duties between the bankruptcy and district courts. Here, two of the three counts arise under non-bankruptcy law (KCSOA and KCPA) and the third, the fraudulent transfer claim, will be controlled by many of the same facts that the jury will hear and consider in deciding the consumer protection claims. The fact that all three claims are subject to a jury trial and that the defendants have exercised their statutory right to withhold their consent to my hearing them decides the issue of whether the reference should be withdrawn for cause in their favor.

The final question is *when* the reference should be withdrawn. At present, the district court has before it at least eight cases involving these defendants and various bankruptcy trustees in this division with like claims. In three of those cases, the district court has or likely will withdraw the reference, keeping them for final decision.[19] The district court has certified questions of law to the Kansas Supreme Court for an interpretation of the statutory language found in the KCSOA, and a determination of the constitutionality of the KCSOA and KCPA.[20] Because these adversary

---

[18] Wright & Miller, 9 Fed. Prac. & Proc. Civ. at § 2302.1 (3d ed.).

[19] These cases are: *Hays v. Ruther*, Case No. 11-1163-JTM (D. Kan.), *Parks v. Consumer Law Assocs., L.L.C.*, Case No. 12-1113-JTM (D. Kan.), and *Parks v. Persels & Assocs., LLC*, Case No. 12-1140-KHV (D. Kan.).

[20] *See Hays v. Ruther*, Case No. 11-1163-JTM, Docket No. 49 (D. Kan. June 26, 2012) (certifying two questions to the Kansas Supreme Court). The questions certified are:

    I.    If an attorney licensed to practice law in Kansas and acting within the course

proceedings do not implicate the need for bankruptcy expertise and as they will ultimately be tried in the district court, the pretrial process should be completed there. The district and magistrate judges to whom these cases will ultimately be assigned are likely to prefer early and active involvement in the discovery and pretrial motion practice that will precede the trials in these cases. The immediate transfer of these cases to the district court prevents the possible duplication of effort on the part of the parties and their counsel and best serves judicial economy. Though I am prepared to preside over any pretrial activities as the district court may direct, I respectfully recommend GRANTING the defendants' motions and the immediate withdrawal of the reference and transfer to the district court of these adversary proceedings.

The Clerk shall transmit the defendants' motions to withdraw the reference and this Recommendation to the Clerk of the United States District Court for the District of Kansas at Wichita, as provided in D. Kan. Rule 83.8.6(f).

# # #

---

and scope of the attorney's practice is exempt from the provisions of the Kansas Credit Services Organization Act, is the attorney's law firm also exempt? Specifically, does the definition of "person" in K.S.A. § 50-1117 (2005) apply to the attorney exemption at K.S.A. § 50-1116(b) (2005)?

II. Does applying the Kansas Consumer Protection Act or the Kansas Credit Services Organization Act to attorneys, law firms, and their administrative agents in the context of attorney-client relationships violate the separation of powers mandated by Article 3, Section 1, of the Kansas Constitution?